Opinion issued May 17, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00145-CR






DEIDRIC JAMONT BARRIERE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1011584






MEMORANDUM OPINION

 A jury convicted appellant, Deidric Jamont Barriere, of the felony offense of
aggravated robbery, (1) and assessed punishment at confinement for 51 years. In four
issues, appellant complains that remarks made by the trial court violated appellant's
privilege against self-incrimination and tainted the presumption of innocence, that
preservation of error regarding the remarks was not required, and that these remarks
constituted reversible error. We affirm.

BACKGROUND


 During voir dire of the venire panel, the trial court gave instructions to the
panel and questioned panel members regarding their ability to follow the instructions. 
With regard to testimony by appellant, the trial court stated as follows:

 Another area in regards to witnesses I'm sure you all know that if a
defendant is in a trial and chooses not to testify that's not to be
considered in the case, right? Everybody knew that? Maybe you didn't. 
If a person is on trial charged with an offense and they want to testify,
that's their choice, they want to. . . .


 If a defendant chooses not to testify, and again that's their
decision, if they choose not to, then that jury would be instructed that
you are not to consider that decision in any way whatsoever in arriving
at your verdict. Now, human nature being what it is, people would like
to hear both sides to a story, if there are two sides. That's human nature,
but in the criminal case the law says a defendant doesn't have to testify. 
If they choose not to then that jury's not to consider that. 


 Now you're asking yourself, well, why wouldn't you? If you're
charged with an offense why wouldn't you? Well, how much time you
want to spend talking about it? But we could spend a long time talking
about it, but the bottom line they don't have to. And if they don't you
don't consider it. I mean, I'm trying to make this as simple as I can. 
The jury is supposed to be basing their verdict on what they hear in a
trial, not what they don't hear. And if you don't hear a defendant testify
and you're thinking to yourself, well, you know, they should have said
this or why didn't they explain that, or if I were on trial then I would
testify, you don't do those things because you're adding ingredients to
a case that don't exist or not supposed to exist. You're only supposed
to base your verdict on what you hear, not what you don't hear, but
again human nature is a strong force. But the law says that if a
defendant chooses not to testify, you will not consider that at all. You
don't hold it against 'em at all. You will not consider it or hold it
against 'em in any way whatsoever in arriving at your verdict. 


 That's what the law says. Anybody have any questions about
that? 


The trial judge then began asking the panel row by row if there was anyone who
could not follow the law. The following discussion took place between the trial judge
and two members of the panel. 

 VENIREPERSON: I would have a very very hard time accepting
that I think. I'm predisposed to believe that an individual would be
hiding something, something in their past that they don't want coming
out. I just - - 

 

 THE COURT: That's your personal belief?

 

 VENIREPERSON: That's my personal belief.


 THE COURT: You've had that obviously a long time? 


 VENIREPERSON: Quite a while. 

 

 THE COURT: Now, you do know that the law is--the law says
they don't have to?

 

 VENIREPERSON: Right.

 

 THE COURT: That causes you to be in this situation. Could you
put aside your personal belief and follow the law or not? 


 VENIREPERSON: Probably not. It would be very difficult. 


 THE COURT: You're qualifying it.


 VENIREPERSON: Then I will say no. 


 THE COURT: You can say what you want, I just want you to. 


 VENIREPERSON: I believe I could not. 


 THE COURT: You qualified it again. Can you follow the law
about a defendant testifying or not testifying? 

 

 VENIREPERSON: No. 


 . . . .

 

 THE COURT: And No. 24, . . . could you follow that law?

 

 VENIREPERSON: I would have a hard time because I think if
you're innocent you want to tell your side of the story. 


 THE COURT: That's your personal belief. Again, I don't know
that anybody would quarrel with what you two have said. 


 VENIREPERSON: So I would have a hard time not holding it
against him. 


 THE COURT: The question becomes, knowing what your
personal opinion is and what the law is, can you put aside your personal
beliefs and opinions and follow the law? 


 VENIREPERSON: Probably not, no.

 Appellant did not object to any of the comments made by the trial court. Both
venirepersons were struck for cause. 

DISCUSSION


 In his first two issues, appellant contends that the trial court's remark, "I don't
know that anybody would quarrel with what you two have said," violated the
privilege against self-incrimination and the presumption of innocence. Appellant
argues that, by this remark, the trial court "invited the jurors to infer that, if the
appellant failed to testify, it was because he was both guilty and had a bad record. 

 In determining whether a statement made by a trial court or prosecutor violates
the privilege against self-incrimination, "the implication that the comment referred
to the defendant's failure to testify must be clear." Bustamante v. State, 48 S.W.3d
761, 765 (Tex. Crim. App. 2001). "The test is whether the language used was
manifestly intended or was of such a character that the jury would necessarily and
naturally take it as a comment on the defendant's failure to testify." Id. To apply this
test, we must consider the statement within the context in which it was made. Id. 
One factor to be considered in determining whether the statement was intended to be
a comment on the defendant's failure to testify or was of such character that the jury
would necessarily take it as a comment on the defendant's failure to testify is the
timing of the statement. Id. at 767. 

 In this case, the comment was made during voir dire of the venire panel. At
that time, neither the judge nor the panel knew whether appellant would testify. 
Therefore, the comment could not have been a direct comment on appellant's failure
to testify. Moreover, the trial court made the comment after informing the panel that
the defendant could choose to testify or not to testify and further instructing the panel
that if the defendant chose not to testify, the jury was not to consider it in any way. 
The trial court asked each of the two panel members if she could follow the law. 

 Considering the timing of the trial court's statement and the context in which
it was made, we conclude that the comment was not intended to be, nor was it, a
comment on appellant's failure to testify. Furthermore, the comment was not of such
a character that a jury would necessarily take it as such. Accordingly, we overrule
appellant's first and second issues. 

CONCLUSION


 Having determined that the trial court's statement was not a comment on
appellant's failure to testify, we need not reach appellant's third issue regarding waiver or his fourth issue contending that the trial court committed reversible error. 

 We affirm the judgment.


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland


Do not publish. Tex. R. App. P. 47.2(b). 
1. Tex. Penal Code Ann. § 29.03 (Vernon 2003).